BRUNOT, J.
 

 The relator, a citizen and taxpayer of the parish of St. Charles, petitioned the court of that district for an injunction, restraining and prohibiting the Teche Transfer Company, Inc., from operating its motor -passenger vehicles upon the highways of that parish.
 

 The petition alleges that the Teche Transfer Company, Inc., had not complied with the requisites of the law, particularly with the requirements of Act No. 196 of 1918, as amended by Act No. 186 of 1924. It charges that defendant company had not procured certificates, as to ability and skill, etc., of the drivers and operators of its vehicles, from the police jury of St. Charles parish, and that defendant had not procured the bond and surety required by the acts.
 

 On the presentation of this petition, the court, ex parte, issued a preliminary restraining order, upon petitioner furnishing bond in the sum of $1,000, and fixed December 27, 1924, as the date for a hearing to determine whether or not a preliminary injunction should issue.
 

 Defendant thereupon filed a plea in the district court, alleging compliance on its part with the laws of the state, and particularly with the provisions of Act No. 186 of 1924; and, upon suggesting to the court that the act prohibited by the temporary restraining order was not such as would work an irreparable injury to plaintiff, the court issued an order authorizing defendant to bond the restraining order. Plaintiff then applied to this court for writs of prohibition, certiorari, and mandamus and obtained an order staying all proceedings pending the final disposal of plaintiff’s application for writs.
 

 Plaintiff then applied to the district court and obtained an order directing a suspensive appeal from the order of that court dissolving the restraining order on bond.
 

 Defendant thereupon filed a rule in this court and obtained an order directing Prank L. Roux, Louis Roux, Jonas T. Prowell, and Richard McBride to show cause why they should not be punished for contempt of the order of this court directing a stay of all proceedings in this case.
 

 Defendant then obtained a writ of prohibition from this court, restraining the district judge from proceeding any further in this matter. Subsequently, defendant applied to this court for writs of mandamus, prohibition, and certiorari, and obtained an order directing the district judge to send up the record, and to show cause why the order granting the plaintiff a suspensive appeal, in this matter, should not be avoided.
 

 All parties have made returns and the matter is before us on the pleadings mentioned and the original record in the lower court.
 

 The return of the Teche Transfer Company, Inc., shows that it complied with the laws of this state in every respect, and that plaintiff’s original application for injunction was based upon an erroneous interpretation of Act 196 of 1918, as amended by Act 186 of 1924. The defendant complied with the provisions of these acts in the parish of its domicile, and this is all that the acts require.
 

 
 *831
 
 Act 29 of 1924 is as follows:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, that hereafter no writ of injunction shall be issued without notice, given as hereinafter provided, to the opposite party or parties to be affected thereby, and without opportunity given for hearing of the opposite party. * * *
 

 “Section 2. That upon an application being made to the court for a preliminary writ of injunction, the court, if a proper case be shown by the petition for the issuance of the writ, shall order the defendant to show cause on a date and hour fixed, not less than two or more than ten days after the service
 
 of
 
 the order, why a preliminary writ of injunction should not issue; but if it be made to appear, to the satisfaction of the court, from specific facts shown by a verified petition, * * * that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served, and a hearing had on such application, the court may, in its discretion, issue a temporary restraining order against the defendant, upon the applicant furnishing bond * * * in such amount as the court may fix, with surety or sureties, and conditioned as provided by existing applicable laws in respect of bonds in case of writs of injunction.”
 

 Plaintiff’s application for injunction does not contain the allegations or affidavits required by section 2 of the foregoing act, requisite to bring the application within the provisions of that part of the' section authorizing the issuance of a restraining order without notice. In the absence of the specific allegations or supporting affidavits required by section 2 of the act, the granting of restraining orders, without notice, is prohib-' ited. That being the situation presented in this case, the lower court’s original order was improvidently issued, and, when the court’s attention was called to that fact, it should have rescinded that order and proceeded in the manner and as the act requires. The court, however, ordered the dissolution of the writ on bond, and plaintiff applied to this court for writs of mandamus, prohibition, and certiorari, for the purpose of rescinding the order dissolving the writ on bond.
 

 As the restraining order of the district court was improvidently issued, the said order is avoided and set aside.
 

 As this conclusion disposes of the real matter in controversy, we do not consider it necessary to discuss the other applications for writs growing out of that controversy and the orders of this court thereon. The orders referred to are therefore vacated and the applications for writs are denied. The answers to the rule for contempt purge the defendants and their counsel of any contempt of the orders of this court. Therefore the order authorizing the rule and ordering the parties named therein to show cause is avoided and set aside. The costs of each of the several applications herein to be paid by the respective relators therein, except the costs of the proceeding in this court to annul the aforesaid restraining order of the district court, which costs are to be paid by the plaintiff in injunction.